ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PRINCESS J. ANTHONY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-2438-JAR** |
| | ) | |
| **ALORICA, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Princess Anthony brings this action against Alorica, Inc. and eighteen individual defendants alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").  This matter is before the Court on the non-corporate defendants' Motion to Dismiss (Doc. 27).   Plaintiff has not filed a response and the time to do so has expired.[1]  As explained more fully below, defendants' motion to dismiss is granted due to plaintiff's failure to respond.[2]  The Court also grants defendants' motion because the Court lacks subject matter jurisdiction over the claims against these defendants.  Moreover, plaintiff fails to state a claim upon which relief can be granted.

## I.     Legal Standards

### *Rule 12(b)(1)*

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter

---

[1]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days).

[2]*See* D. Kan. R. 7.4 (failure to respond to a motion, within the allotted time, results in an uncontested motion, "and ordinarily will be granted without further notice.").

jurisdiction.  District courts have "original jurisdiction of all civil actions arising under the

Constitution, laws or treaties of the United States."[3]  "A case arises under federal law if its 'well

pleaded complaint establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law.'"[4]  Plaintiff is responsible for showing the court by a preponderance of the evidence that

jurisdiction is proper.[5]  Mere allegations of jurisdiction are not enough.[6]

### *Rule 12(b)(6)*

Alternatively, defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to

state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must

present factual allegations, assumed to be true, that "raise a right to relief above the speculative

level" and must contain "enough facts to state a claim to relief that is plausible on its face."[7]

Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set

of facts in support of the pleaded claims is insufficient; the complaint must give the court reason

to believe that this plaintiff has a reasonable likelihood of mustering factual support for these

claims."[8]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not

merely speculatively, has a claim for relief.[9]  "'[]Plausibility' in this context must refer to the

---

[3]28 U.S.C. § 1331.

[4]*Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[5]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[6]*Id.* at 798.

[7]*Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

[8]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

scope of the allegations in a complaint: if they are so general that they encompass a wide swath

of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line

from conceivable to plausible.'"[10]

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court

assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most

favorable to plaintiff.[11]  A complaint attacked by a  Rule 12(b)(6) motion to dismiss does not

require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's

entitlement to relief through more than labels, conclusions and a formulaic recitation of the

elements of a cause of action.[12]  "In other words, plaintiff must allege sufficient facts to state a

claim that is plausible—rather than merely conceivable—on its face."[13]  The court makes all

reasonable inferences in favor of plaintiff.[14]  The court need not accept as true those allegations

that state only legal conclusions.[15]  Although plaintiff need not precisely state each element of its

claims, it must plead minimal factual allegations on those material elements that must be

proved.[16]

*Pro se* complaints must be liberally construed, and are held to less stringent standards

---

[10]*Id*. (quoting *Twombly*, 127 S. Ct. at 1974).

[11]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[12]*Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing *Twombly*, 127 S. Ct. at 1964-65).

[13]*Id*. (quoting *Twombly*, 127 S. Ct. at 1974).

[14]*See Zinermon*, 494 U.S. at 118; *see also* Fed. R. Civ. P. 8(a).

[15]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16]*Id*.

than formal pleadings drafted by lawyers.[17]  "[T]he court, however, will not supply additional

factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's

behalf."[18]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not

his conclusory allegations."[19]

## II.      Discussion

### A.      *Failure to Oppose Defendants' Motion To Dismiss*

On November 5, 2008, defendants filed a motion to dismiss.[20]  Plaintiff's response was

due twenty-three days later on November 28, 2008.[21]  To date, plaintiff has not responded to

defendants' motion to dismiss.  In the event a party fails to respond to a dispositive motion, the

local rule provides the party has waived the right to file a response except upon a showing of

excusable neglect.[22]  Absent a showing of excusable neglect, the motion "will be considered and

decided as an uncontested motion, and ordinarily will be granted without further notice."[23]

While the court notes plaintiff is a *pro se* litigant, her *pro se* status does not excuse her

from compliance with procedural rules, nor from the consequences of noncompliance.[24]  Because

plaintiff failed to respond to defendants' motion to dismiss within twenty-three days and has not

---

[17]*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

[18]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[19]*Hall*, 935 F.2d at 1110.

[20](Doc. 26.)

[21]*See* D. Kan. R. 6.1(d)(2).

[22]D. Kan. R. 7.4.

[23]*Id.*

[24]*See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules).

made a showing of excusable neglect, the Court grants defendants' motion and dismisses

plaintiff's claims against the movants.

### B.        Subject Matter Jurisdiction

Plaintiff alleges that her Complaint is based on Title VII.  Exhaustion of administrative

remedies is a jurisdictional prerequisite to suit under Title VII.[25]  Plaintiff attached her

"Dismissal and Notice of Rights" Letter from the United States Equal Opportunity Commission

("EEOC") stating that the EEOC had adopted the findings of the state or local fair employment

practices agency that investigated the charge.  Defendants attached the findings of the Kansas

Human Rights Commission ("KHRC") determining that there was no probable cause to credit

the allegations contained in either complaint filed by plaintiff against Alorica, Inc.[26]  None of the

individually-named defendants were listed in either the KHRC complaints or the EEOC

complaint.

The omission of a defendant's name from the EEOC charge does not automatically

mandate dismissal of a later complaint under Title VII.[27]  Instead, the Court is to consider four

factors in evaluating the failure to name a party in the administrative complaint:

> 1) whether the role of the unnamed party could through reasonable
> effort by the complainant be ascertained at the time of the filing of
> the EEOC complaint; 2) whether, under the circumstances, the

---

[25]*Showalter v. Weinstein*, 233 F. App'x 803, 804 (10th Cir. 2007); *Sizova v. Nat'l Inst. of Stands. & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002).

[26](Doc. 27, Exs. E, F.)  The Court may look beyond the Complaint in ruling on a motion to dismiss under Rule 12(b)(1) when the movant challenges the facts upon which subject matter jurisdiction is based.  *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon*., 428 F.3d 1285, 1292 (10th Cir. 2005).  The Court is cognizant, however, that it should convert such a motion into a motion for summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case."  *Id.*  The Tenth Circuit has explicitly found that the exhaustion issue is not intertwined with the merits of a Title VII Complaint.  *Sizova*, 282 F.3d at 1325.

[27]*Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).

>interests of a named are so similar as the unnamed party's that for
>the purpose of obtaining voluntary conciliation and compliance it
>would be unnecessary to include the unnamed party in the EEOC
>proceedings; 3) whether its absence from the EEOC proceedings
>resulted in actual prejudice to the interests of the unnamed party;
>4) whether the unnamed party has in some way represented to the
>complainant that its relationship with the complainant is to be
>through the named party.[28]

Defendants have addressed all of these factors in their motion.  The Court has considered these

factors and, for substantially the same reasons explained in defendants' brief, finds that

plaintiff's failure to include these defendants in her administrative charges requires dismissal of

the Complaint against all individually-named defendants.

>### C.      Failure to State a Claim

Assuming, *arguendo*, that plaintiff could establish subject matter jurisdiction, the Court

would dismiss her Complaint against the movants for failure to state a claim.  The Tenth Circuit

has held that "personal capacity suits against individual supervisors are inappropriate under Title

VII."[29]  "The relief granted under Title VII is against the *employer*, not individual employees

whose actions would constitute a violation of the Act."[30]  To the extent plaintiff is attempting to

sue the individually-named defendants in their individual capacity, her claim fails because such a

suit is inappropriate under Title VII.

To the extent plaintiff is attempting to sue these defendants in their official capacity as

her employer, she has also failed to state a claim.  Title VII defines "employer" as a person

---

[28]*Id.* at 1312.

[29]*Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

[30]*Id.* at 899 (emphasis in original).

6

engaged in an industry affecting commerce with fifteen or more employees.[31]  The Supreme

Court has recently determined that this threshold requirement for application of Title VII is an

element of plaintiff's claim for relief.[32]  Here, plaintiff has not alleged in her Complaint that any

of these defendants constitute an "employer" within the meaning of Title VII.  Therefore, she has

failed to state a claim for relief under Title VII.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to

Dismiss (Doc. 27) is **GRANTED**.

**IT IS SO ORDERED**.

Dated:  December 15, 2008

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[31]42 U.S.C. § 2000e(b).

[32]*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 512 (2006).  Defendants incorrectly asserted this as a basis to dismiss for lack of subject matter jurisdiction, which was rejected by the Court in *Arbaugh.  See id*; *see also Xie v. Univ. of Utah*, 243 F. App'x 367, 371 (10th Cir. 2007) (finding employee status not to be threshold jurisdictional requirement because there is no indication Congress considered employee status to be threshold jurisdictional requirement).